**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

JODY SIMPSON, Mother & Next Friend of
J.S., a Minor,
       Plaintiff,

v.

TRI VALLEY COMMUNITY UNIT
SCHOOL DISTRICT No. 3, *et al.*,
       Defendants.

Case No. 1:17-cv-01340-JES-JEH

## ORDER

Now before the Court are the Defendants', Tri Valley Community Unit School District No. 3 ("the District"), David Mouser, and Ben Derges, Motion to Dismiss (D. 5),[1] and the Plaintiff, Jodi Simpson's, Motion to Deny Application for Summary Judgement (D. 7). Both parties have filed supporting memoranda (D. 6); (D. 8) and responses thereto (D. 11); (D. 12). For the reasons set forth below, the Plaintiff's Motion to Deny Application (D. 7) is DENIED and the Defendants' Motion to Dismiss (D. 5) is DENIED in part and GRANTED in part.

## BACKGROUND

The Plaintiff filed her Complaint in July 2017 against the Defendants, seeking damages pursuant to 42 U.S.C. § 1983 ("§ 1983") for alleged violations of her child, a minor, J.S.'s, Fourth Amendment rights. (D. 1). Specifically, she alleges the principal of Tri-Valley High School, Ben Derges, searched J.S.'s cellphone unlawfully and that the District has a custom or policy of conducting unlawful searches, which are promulgated by Derges and acquiesced in by the District's superintendent, David Mouser. *Id.*

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

The Plaintiff claims that on April 18, 2017, Derges approached J.S., then a freshmen at Tri-Valley High School, during a lunch break and ordered him to come to his office. (D. 1 at pp. 3-4). She asserts that J.S. did as he was told and once they were in Derges' office, Derges ordered J.S. to give him his cellphone and unlock it. *Id*. at pg. 4. J.S. entered the password on his cellphone and gave it to Derges. *Id*. at pp. 4-5.

The Plaintiff alleges Derges searched through the files and applications on J.S.'s phone, which included the applications SnapChat and Instagram. *Id*. at pg. 5. Derges eventually located an Instagram account that J.S. confessed he and other students maintained. *Id*. at pg. 6. The "account contained negative memes of a student reported to have been bullied." *Id*. at pg. 7. Derges punished J.S. with a two-day in-school suspension. *Id*.

The Plaintiff learned about Derges' search of J.S.'s cellphone and spoke with Mouser the next day at his office. She alleges Mouser told her that Derges should have never searched J.S.'s cellphone without permission and that it would never happen again. *Id*. at pg. 6. At a subsequent meeting between the Plaintiff and Mouser, the Plaintiff alleges Mouser told her that "Derges stated he looked at the J.S. cellphone because a teacher had said he heard J.S. tell another student to 'send him that picture.'" *Id*. at pp. 6-7.

The Plaintiff also asserts in her Complaint that Derges "has a custom of searching and seizing student cellphones …" "... without reasonable suspicion the student committed a crime or violated school rule [*sic*]." *Id*. at pg. 7. She claims Mouser "has" actual knowledge of Derges' unlawful practices "and has acquiesced in that custom by intentionally or with deliberate indifference" refusing to order him to "confine searches and seizures to circumstances where there is [ ] reasonable suspicion[.]" *Id*. at pp. 7-8. The Plaintiff further alleges that Mouser and Derges are the policy making agents of the District. *Id*. at pg. 8. Notably, the Plaintiff

referenced and directly quoted or paraphrased in her Complaint the 2016-2017 Tri-Valley High School Handbook (*Id*. at pg. 3) and an April 26, 2017 letter from Mouser to J.S.'s father, Jason Simpson, explaining why J.S. was disciplined (*Id*. at pg. 7).

The Defendants now move to dismiss the Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). They argue: (1) the Plaintiff's Complaint should be dismissed because, as alleged, Derges had the requisite reasonable suspicion to search J.S.'s cellphone (D. 6 at pp. 5-6); (2) Mouser should be dismissed from the case because he is not alleged to have participated in the search (*Id*. at pp. 6-7); and (3) the claims against the District should be dismissed because neither Mouser nor Derges had policy making authority and the Plaintiff failed to plead facts supporting a custom or policy of unconstitutional searches (*Id*. at pp. 8-10).

Attached to their Motion was a copy of the 2017-2018 Tri-Valley High School Handbook[2] (D. 6-3); (D. 6-4) and the April 26, 2017 letter from Mouser to J.S.'s father (D. 6-2). Relevant to the Motions presently before the Court, Mouser stated in the April 26, 2017 letter that "several other students indicated to the administration that [J.S.] had participated in or sent pictures/memes of the [bullied] student to them at various times that were unflattering or mean in nature." *Id*. at pg. 1.

In addition to responding directly to the Defendants' Motion to Dismiss (D. 11), the Plaintiff filed a Motion to Deny Application for Summary Judgment or to Continue Hearing (D. 7). She argues the Defendants' reliance on the Handbook and the April 26 letter is prohibited. In her view, pursuant to *Palda v. General Dynamics Corp.*, 47 F. 3d 872 (7th Cir. 1995), a Rule 12(b)(6) motion to dismiss is confined to the contents of her Complaint and any exhibits she may

---

[2] While the Defendants attached the 2017-2018 version of the handbook, the language quoted by the Plaintiff from the 2016-2017 Handbook is identical or substantially similar.

have attached to it. (D. 8 at pg. 1). The Defendants argue these exhibits are permissible attachments, citing *Hecker v. Deere & Co.*, 556 F. 3d 575 (7th Cir. 2009).

Indeed, under *Hecker*, at the Court's discretion, defendants may rely on additional documents in a motion to dismiss if the plaintiff referred to those documents in their complaint and they are central to the plaintiff's claim. 556 F. 3d at 582-83. Otherwise, in order to utilize such documents the Court should convert a motion to dismiss to a motion for summary judgment. See *Tierney v. Vahle*, 304 F. 3d 734, 738-39 (7th Cir. 2002).

Here, the Plaintiff's Complaint confirms that the attachments at issue were referenced therein and central to her claims. (D. 1 at pp. 3, 7). The Plaintiff's reliance on *Palda* is misplaced. *Palda* simply does not negate the Seventh Circuit's finding in *Hecker*. Rather, it notes the general rule limiting a motion to dismiss to the four corners of a complaint, and the facts of *Palda* did not involve a defendant moving to dismiss a plaintiff's complaint while utilizing documents from outside of it. *Palda*, 47 F. 3d at 875. Accordingly, the Plaintiff's Motion to Deny Application (D. 7) is DENIED. The Court need not convert the Defendants' Motion to Dismiss to a summary judgment motion and will consider the documents at issue in ruling on the Motion to Dismiss.

**LEGAL STANDARD**

In reviewing the Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the Plaintiff's factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Allegations stated in the form of legal conclusions, however, are insufficient to survive a motion to dismiss. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012). A complaint must contain a short and plain statement of the plaintiff's claim, sufficient to show entitlement to relief and to notify the defendants of the allegations against

them. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). This standard is met if the plaintiff describes in sufficient factual detail enough to suggest a right to relief beyond a speculative level. *Id.; Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Srvs.*, 496 F.3d 773, 776 (7th Cir. 2007). In short, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself *could* these things have happened, not *did* they happen." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (emphasis in original).

## ANALYSIS

First, the Defendants argue the Court should dismiss the Plaintiff's Complaint because, as pleaded, it establishes that Derges had the requisite reasonable suspicion to search J.S.'s cellphone. (D. 6 at pp. 5-6). The Court disagrees with the Defendants. The record does not confirm that Derges had reasonable suspicion J.S. was cyber bullying before he searched J.S.'s cellphone.

It is clear from the Plaintiff's Complaint that if Derges suspected J.S. of cyber bullying before he searched his cellphone, his suspicions were confirmed by what he found in J.S.'s Instagram account and his subsequent confession about maintaining it. What is unclear at this point in the litigation, however, is precisely what Derges knew when he allegedly ordered J.S. to provide him with his unlocked cellphone and searched it.

As a school principal, Derges only needed reasonable suspicion to search J.S. *New Jersey v. T.L.O.*, 469 U.S. 325, 341-42 (1985). The first step in analyzing whether he had reasonable suspicion is to determine if the search was justified at its inception. *Id.* As noted above, the Plaintiff alleges that Derges searched the phone after a teacher "heard J.S. tell another student to 'send him that picture.'" (D. 1 at pp. 6-7). Additionally, Mouser later sent J.S.'s father

a letter wherein Mouser stated "several other students indicated to the administration that [J.S.] had participated in or sent pictures/memes of the [bullied] student to them at various times that were unflattering or mean in nature." (D. 6-2 at pg. 1). To date, these are the only facts in the record providing insight into whether or not Derges had reasonable suspicion J.S. was engaged in cyber bullying before he searched J.S.'s cellphone.

The Court accepts these facts as true, as required, but they do not provide a basis to conclude that Derges had reasonable suspicion to search J.S.'s cellphone without consent. A teacher overhearing J.S. request that another student send him a picture means nothing out of context. This is the only information Derges was alleged to have known, specifically, before he conducted the search. The April 26, 2017 letter only confirms that "several students" informed the administration that J.S. was actively cyber bullying. Absent from this statement is precisely *when* the administrators were aware of the students' claims.

The Court is not at liberty to speculate as to when Derges knew of the other students' allegations. Thus, it is sufficiently alleged, for purposes of Rule 12(b)(6), that the search was not justified at its inception. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (district courts may only grant a 12(b)(6) motion if "it is beyond doubt that the non-movant can plead no facts that would support his claim for relief."). As pleaded, including statements from the April 26 letter, the Plaintiff's Complaint supports her assertion that Derges unlawfully searched J.S.'s cellphone. Therefore, the Defendants' Motion to Dismiss is DENIED in part.

Next, the Defendants assert that Mouser should be dismissed from the case because he is not alleged to have participated in the search. (D. 6 at pp. 6-7). The Plaintiff argues in response that her Complaint adequately alleges the existence of an unlawful custom. (D. 11 at pp. 7-10).

The Plaintiff is suing Mouser in his individual capacity. (D. 1 at pg. 3). In order to bring an individual capacity claim under § 1983 for Derges' alleged constitutional violations, she must prove that Mouser knew about the conduct, facilitated it, approved it, condoned it, or turned a blind eye toward it. *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). More bluntly, "[t]o be held liable for conduct of their subordinates, supervisors must have been personally involved in that conduct." *Id.*

The Plaintiff fails to assert that Mouser was involved in or turned a blind eye toward Derges' alleged search of J.S.'s cellphone. Quite the opposite, she claims Mouser condemned Derges' behavior and assured her that it would not continue. (D. 1 at pg. 6). As such, the Defendants' Motion to Dismiss, to the extent that it seeks to hold Mouser individually liable for Derges' alleged search of J.S.'s cellphone on the date in question, is GRANTED in part.

The Plaintiff does allege, more generally, that Derges customarily seizes and searches student cellphones "without reasonable suspicion[,]" that Mouser "has" actual knowledge of Derges' alleged custom, and "has acquiesced in that custom by intentionally or with deliberate indifference" refusing to order him to "confine searches and seizures to circumstances where there is [ ] reasonable suspicion[.]" *Id.* at pp. 7-8.

Taken as true, these underlying facts demonstrate that Mouser was personally involved in Derges' alleged, ongoing custom of unlawfully searching students. Given these facts, it is possible that Mouser facilitated, approved, condoned, or ignored such a custom. To the extent that it seeks to hold Mouser individually liable for Derges' alleged, ongoing custom of searching student cellphones without reasonable suspicion, the Defendants' Motion is DENIED in part.

Lastly, the Defendants allege that the claims against the District should be dismissed. (D. 6 at pp. 8-10). First, they assert that the Plaintiff has not alleged facts supporting a custom of

unconstitutional searches.  *Id*. at pg. 8-9.  Given the finding above regarding the sufficiency of the Plaintiff's allegations, the Court need not address the argument further.

The Defendants remaining argument is that Mouser and Derges lack policymaking authority as a matter of law, and therefore her claims against the District fail.  (D. 6 at pp. 9-10).  They cite, in relevant part, *Duda v. Bd. of Educ. Of Franklin Park Pub. Sch. Dist. No. 84*, 133 F. 3d 1054, 1061 (7th Cir. 1998), in support of their argument.  *Id*.  The Plaintiff does not respond to this argument directly, but maintains that she has sufficiently pleaded her allegations.  (D. 11 at pg. 9).

The Plaintiff asserts that Mouser and Derges are the policymaking agents of the District. (D. 1 at pg. 8).  She also brings her claims against them in their individual capacities.  *Id*. at pg. 3.  Therefore, as pleaded, Mouser and Derges cannot be held liable for any actions stemming from actions in their official capacities.  The Court further notes that even if the Plaintiff had asserted in his Complaint that Mouser and Derges were being sued in their official capacities, her claims would fail.

As the Defendants highlight, whether Mouser and Derges have final policymaking authority is a question of state law.  *Duda*, 133 F. 3d at 1061.  In Illinois, school superintendents and principals do not have the requisite authority to formulate final policies.  *Id*. (citing, *inter alia*, 105 ILCS 5/10-20.5, 10-21.4, 10-21.4a).  Thus, the Plaintiff cannot possibly succeed on a claim that the District is liable under § 1983 by way of Mouser's and Derges' alleged actions. *Duda*, 133 F. 3d at 1061 (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989) (§ 1983 suit brought against management employees of a school district must fail because it was not brought against officials "who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or

statutory violation at issue.")).  Accepting all of the Plaintiff's alleged facts as true, as pleaded, it is not possible for her to bring a § 1983 claim against the District.  Accordingly, the Defendants' Motion to Dismiss is GRANTED in part.

The Plaintiff does not have individual counts listed in her Complaint.  (D. 1).  She alleges more broadly that pursuant to § 1983, all three Defendants violated her Fourth Amendment rights.  *Id.* at pp. 8-9.  In summary, for the reasons set forth above: (1) the allegations against the District are dismissed entirely; (2) Mouser cannot be held liable for the specific search alleged in the Complaint, but may be held liable for Derges' alleged, ongoing custom of illegally searching students; and (3) all of the Plaintiff's claims against Derges survive the Defendants' Motion to Dismiss.  The Plaintiff is hereby granted leave to amend her Complaint in accordance with the guidance detailed in this Order and Federal Rule of Civil Procedure 8, but must do so within 14 days (by July 24, 2018), if she so chooses.

CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Deny Application (D. 7) is DENIED and the Defendants' Motion to Dismiss (D. 5) is DENIED in part and GRANTED in part.

*It is so ordered.*

Entered on July 9, 2018

 s/ James E. Shadid
James E. Shadid
Chief United States District Judge